**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DILSHODJON TURAKULOV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1705-D |
| | ) | |
| FRED FIGUEROA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Dilshodjon Turakulov filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. No. 1]. Petitioner is a citizen of Uzbekistan who entered the United States on or about May 3, 2023. *Id.* at p. 4. On June 29, 2026, Petitioner encountered law enforcement for the Weatherford Police Department during a traffic stop. [Doc. No. 11, at p. 2]. On June 30, 2026, United States Immigration and Customs Enforcement ("ICE") served Petitioner with a warrant and received custody of him. *Id.* He is currently detained at the Diamondback Correctional Facility in Weatherford, Oklahoma. [Doc. No. 1, at p. 2].

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). [Doc. No. 11]. Petitioner challenges his re-detention by the ICE on various grounds, to include Petitioner's claim that ICE failed to follow required procedures when re-detaining him, and that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226. [Doc. No. 1]. Respondents filed a Response in Opposition. [Doc. No. 11], to which Petitioner filed a Reply [Doc. No. 12]. The matter was referred to United States

Magistrate Judge Amanda L. Maxfield for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3].

Judge Maxfield issued a Report and Recommendation ("Report"), in which she recommends that the Court grant in part Petitioner's habeas petition. [Doc. No. 13]. In the Report, Judge Maxfield concludes that pursuant to the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) that Petitioner is detained pursuant to 8 U.S.C. § 1226, not § 1225(b)(2)(A). *Id.* at p. 4-5. Thus, Judge Maxfield determines that Petitioner is entitled to a bond hearing pursuant to § 1226. *Id.* Moreover, Judge Maxfield recommends that the Court decline to address the issue of whether ICE violated Petitioner's Fifth Amendment right to due process. *Id.* at p. 5-6. Additionally, Judge Maxfield recommends the Court decline to address the issue of whether the government should bear the burden of proof at the bond hearing. *Id.*

In the Report, Judge Maxfield notified the parties of their right to file an objection to the Report on or before September 8, 2026, and that the failure to object waives their rights to appellate review of both factual and legal issues contained in the report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Upon review of the file and noting no timely objection to the findings and recommendations of Judge Maxfield pursuant to 28 U.S.C. § 636(b)(1), the Court **ADOPTS** the Report [Doc. No. 13] in its entirety.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 13] is **ADOPTED**, and the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED IN PART** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 28th day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE